UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCHAEFFLER TECHNOLOGIES
AG & CO., KG,

      Plaintiff,

      v.

THE INDIVIDUALS, CORPORATIONS,
LIMITIED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNICORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

      Defendants.

24 Civ. __2215__ (ER)

---

### [proposed] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The Court having considered Plaintiff's *ex parte* motion, including the Declarations of Timothy J. Kelly, Anton Peakovic, Ed Hurley, and Michael Falsone, as well as all other papers filed in support of Plaintiff's application for a Preliminary Injunction, an *Ex Parte* Temporary Restraining Order, a Temporary Asset Restraint, and Expedited Discovery (the "Application"), requesting the following relief:

    (i) a temporary restraining order against defendants (as described in Schedule A attached to the Complaint (collectively, "Defendants"), which shall also be attached to this Order), enjoining Defendants from the marketing, advertising, distribution, offer for sale, and sale of counterfeit infringing products (the "Infringing Products") bearing, using, or otherwise infringing upon Plaintiff's FAG® and/or INA® trademarks that are the subject of United States Trademark Registration Nos. 759,980; 759,957; 759,908; 3,673,117; 4,103,952; 673,150; 828,795; 828,796; 2,482,859; 3,623,099; and 3,576,373 (the "Schaeffler Trademarks");

1

(ii)     a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(iii)    expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the acquisition, advertising, marketing, distribution, offering for sale, and sale of the Infringing Products, as well as of Defendants' financial accounts; and

(iv)    an Order directing Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of plaintiff's Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1.     To obtain a Temporary Restraining Order, a party must demonstrate (a) a substantial likelihood of success on the merits; (b) that irreparable injury will be suffered if the relief is not granted; (c) that the threatened injury outweighs the harm to the relief would inflict on the non-moving parties; and (d) that entry of the relief would serve the public interest. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2nd Cir. 2015).

2.     In addition, pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney if: (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the moving party before the adverse party can be heard in opposition; and (b) the moving party's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

3.     In the present case, the declarations filed in support of Plaintiff's motion,

presumed to be true for the purposes of adjudicating this motion, establish that Plaintiff is the owner of multiple valid and subsisting United States Trademark Registrations for the trademarks FAG® and INA® for use in connection with ball bearings and other bearing-related products, including, without limitation United States trademark registration numbers 759,980; 759,957; 759,908; 3,673,117; 4,103,952; 673,150; 828,795; 828,796; 2,482,859; 3,623,099; and 3,576,373.

4. Defendants are China-based entities that operate eBay storefronts where they offer, to United States customers, including customers within this judicial district, a range of products including bearings. Defendants are not authorized distributors or resellers of Schaeffler Trademarks Schaeffler's FAG®- and INA®-branded bearing products and are not authorized, and have never been authorized, to use the Schaeffler Trademarks.

5. Plaintiff has investigated the Defendants (including by making bearing purchases from each of the Defendants), and as a result of that investigation has determined that Defendants have been marketing, advertising, promoting, distributing, offering for sale, and selling counterfeit bearing products using the Schaeffler Trademarks. Such sales have occurred within this judicial district, and Defendants appear to be continuing to offer products under the Schaeffler Trademarks via their respective eBay storefront sites.

6. Because Defendants are offering counterfeit products under the registered Schaeffler Trademarks, which products are not authorized by Plaintiff, and which products are not genuine in nature, Plaintiff is likely to prevail on its trademark infringement, false designation of origin, and unfair competition claims at trial.

7. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless

Plaintiff's application for *ex parte* relief is granted. More specifically:

  a. Defendants have offered for sale and sold the Infringing Products, namely counterfeit bearing products that do not comport with Plaintiff Schaeffler's guidelines for such products sold under the Schaeffler Trademarks. Such sales have been via the eBay online marketplace under the seller names/aliases identified in Schedule A to the Complaint ("Seller Aliases");

  b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same eBay storefronts associated with the Seller Aliases; that consumers will be misled, confused, and disappointed by the quality of the Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, to the reputation and goodwill related to products properly bearing, using, and sold under the Schaeffler Trademarks;

  c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants with respect to this request for relief, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the unauthorized and improper advertising, marketing, promotion, distribution, offer for sale, and sale of the Infringing Products; and

  d. Plaintiff has well-founded fears that if they proceed on notice to Defendants with respect to this application, Defendants will shut down existing Seller Aliases, transfer Seller Alias information, and/or open a

new Seller Alias accounts through which Defendants will continue their offering for sale and sale the Infringing Products using such new aliases, allowing Defendants' misconduct to continue with little or no consequence.

8. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with the Schaeffler Trademarks, if a temporary restraining order is not issued.

9. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to the Schaeffler Trademarks, and to protect the public from being deceived and defrauded by Defendants' passing off their counterfeit products as genuine FAG® and/or INA® products.

10. If Defendants are given notice of Plaintiff's application for relief, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of counterfeit products bearing the Schaeffler Trademarks. Therefore, good cause exists for granting Plaintiff's request to proceed *ex parte* and for an asset restraining order. Banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, typically require approximately five (5) days after service of an Order such as this one to locate, attach, and put appropriate hold mechanisms in place for Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the Defendants' Seller Accounts, and service on Defendants should not take place until such actions are completed.

11. Similarly, if Defendants are given notice of Plaintiff's request for relief, they are likely to destroy, move, hide, or otherwise make inaccessible the records and documents relating to their activities with respect to the Infringing Products, including documents and things relating to the acquisition, offer for sale, and sale of such products. Thus, Plaintiff has established good cause for the expedited leaf requested herein to be ordered.

**ORDER**

Based on the foregoing findings of fact and conclusions of law, and having found good cause, Plaintiff's Application is hereby **GRANTED** and it is **ORDERED** as follows:

**Temporary Restraints**

1. Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the instant motion as referenced below:

   a. Using the Schaeffler Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any bearings or related products, including, without limitation, any bearing products displaying the FAG® or INA® trademarks;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine FAG®- or INA®-branded product that is not, in fact, a genuine product and or is a product not produced under the authorization, control, or supervision of plaintiff and approved by plaintiff for sale under the Schaeffler Trademarks;

   c. Committing any acts calculated to cause consumers to believe that products sold by Defendants under the FAG®- and/or INA® trademarks are genuine products and/or are otherwise sold under the authorization, control, or supervision of

|     |     |
| --- | --- |
|     | Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; |
| d.  | Further infringing the Schaeffler Trademarks and damaging Plaintiff's goodwill; |
| e.  | Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, product or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the Schaeffler Trademarks (or either of them), or any reproductions, counterfeit copies, or colorable imitations thereof; |
| f.  | Secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of any computer files, data, business records, documents or any other records or evidence relating to the Defendants' seller accounts, Seller Aliases, eBay storefronts, or any documents or things relating to the acquisition or sale of the Infringing Products; and |
| g.  | Using, transferring, selling, assigning, or otherwise modifying or disposing of the Seller Aliases, the eBay online marketplace storefronts, or any online marketplace account that is being used to sell or is the means by which Defendants could continue to sell products bearing the Schaeffler Trademarks, or to otherwise circumvent or avoid the prohibitions set forth in this Order; and |
| h.  | Knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)-(g) hereof. |

**Temporary Disabling of Defendant eBay Marketplace Storefront**

2.  Within five (5) days of receipt of this Order, eBay is directed to:

a.  Disable and cease providing services for any of the Seller Aliases and

storefronts through which Defendants engage in the sale of counterfeit and otherwise infringing bearing products, including any Seller Aliases and corresponding accounts associated with the Defendants listed on Schedule A to the Complaint (which is also attached hereto);

b. Cease transferring, disposing of, withholding, encumbering, or paying Defendants' assets from or to Defendants' financial account until further ordered by this Court;

c. Refrain from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of any computer files, data, business records, documents, or any other records or evidence relating to Defendants' assets and Defendants' financial accounts;

d. Disable and cease displaying any marketing or other advertising used by or associated with Defendants in connection with the offer for sale and/or sale of products bearing the Schaeffler Trademarks; and

e. Take all steps reasonably necessary to prevent links to the eBay storefronts of the Defendants as identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant eBay storefronts from any search index.

## Temporary Asset Restraint

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of this Order, that (i) eBay, Inc. (including any related or affiliated entity), and (ii) any other payment

processing service providers providing services to any of the Defendants (collectively referred to as the "Financial Institutions") shall (a) locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets"), and (b) locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

## **Expedited Discovery**

4. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

  a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all account numbers and current account balances;

  b. Any Seller Aliases, accounts, and/or online storefronts or marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto); and

  c. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment

processors, or other financial institutions, including, without limitation, Amazon, Wish, PayPal, eBay, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (*e.g.*, MasterCard and VISA).

### Service by Electronic Mail and/or Electronic Publication

5. Pursuant to Fed. R. Civ. P. 4(f)(3), and pursuant to Plaintiff's co-pending Motion for Alternative Service, as sufficient cause has been shown, that service of this Order and the Summons and Complaint and all other documents associated with this proceeding may be made on, and shall be deemed effective as to Defendants if such service is completed by delivery of: (i) PDF copies of this Order together with the Summons and Complaint and all other associated papers; (ii) by providing a link to a website where each Defendant will be able to download such PDF copies of this Order together with the Summons and Complaint, and all other associated papers filed in support of Plaintiff's Application (the "Link") using the eBay online communication mechanism as well as any email address or communication link provided by eBay or the Financial Institutions for the Defendants. Such alternative service, as set forth above, shall be made within five (5) days of the Financial Institutions' compliance with Paragraphs 3 and 4 of this Order.

6. The Clerk of Court is directed to issue a single original summons in the name of "***The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified in Schedule A to the Complaint***" that shall apply to all Defendants.

### Security Bond

7. Plaintiff shall deposit with the Court Five Thousand Dollars ($5,000.00), by way of either cash, a cashier's check, or a surety bond, as security, which amount has been

determined to be adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### Sealing Order

8.      Good cause having been shown in connection with Plaintiff's application herein as well as in Plaintiff's co-pending motion for an order to temporarily seal certain documents filed in support of Plaintiff's requests in this matter, it is hereby Ordered that Schedule A hereto (also attached to the Complaint as Schedule A) shall be sealed and remain sealed until further Order of this Court.

### Application to Vacate or Dissolve

9.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on  April 17 , 2024, at  2:30  ~~a.m./~~p.m., at which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on Plaintiff's counsel on or before  April 12 , 2024, ~~at        a.m./p.m.~~

This Temporary Restraining Order without notice is entered ~~at~~_____ on  March 26 , 2024, and shall remain in effect for fourteen (14) days, unless otherwise extended by further Order of this Court.

**SO ORDERED**.

Dated:  March 26 , 2024

_____
UNITED STATES DISTRICT JUDGE

11